## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Crim. No. 04-20059-02-KHV** |
| **v.** | ) | |
| | ) | |
| **CASSIDY LOUISE TULLIS,** | ) | **Civil No. 07-2585-KHV** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate,</u> <u>Set Aside Or Correct Sentence By A Person In Federal Custody</u> (Doc. #254) filed December 14, 2007. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

On May 26, 2005, a grand jury returned a superseding indictment which charged Cassidy Louise Tullis with one count of possession of 50 grams or more of crack cocaine with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). <u>See</u> <u>Superseding Indictment</u> (Doc. #86). On March 17, 2006, defendant pled guilty. Patrick D'Arcy represented defendant. On August 21, 2006, the Court sustained Mr. D'Arcy's motion to withdraw because of a breakdown in communication with defendant. The Court appointed William C. Odle who represented defendant throughout the remaining proceedings. On December 18, 2006, the Court sentenced defendant to 63 months in prison. Defendant did not appeal.

On December 14, 2007, defendant filed a motion to vacate her sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion and attachment alleges that (1) Mr. D'Arcy was ineffective because he only briefly met with defendant about the plea agreement and told her to tell

the judge that she understood the agreement; (2) Mr. D'Arcy was ineffective because he was unable to adequately communicate with defendant and he lacked confidence in her and as a result, he was unable to negotiate a fair plea agreement; (3) the prosecutor committed misconduct by not giving defendant a lesser sentence under the plea agreement and by not providing evidence for the firearm enhancement; and (4) the sentencing judge erred by not considering disparity in sentencing of like offenders or that defendant was a first time offender and had a young child.[1]

### Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

## I.      Procedural Bar – Waiver Of Collateral Challenges (Claims 2, 3 and 4)

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable.  United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998).  The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed

---

[1]      Defendant also alleges that Mr. D'Arcy did not review with her any court documents and proceedings.  Except for the plea agreement and plea hearing which the Court addresses as a separate claim, defendant does not identify any specific documents or proceedings.  The plea colloquy establishes that defendant received a copy of the indictment and that she had an adequate opportunity to ask Mr. D'Arcy about the charges against her.

Finally, defendant claims that Mr. D'Arcy suggested that she lie to the government. Defendant does not explain the nature of any such advice.  In any event, defendant does not suggest that she followed the alleged advice so she cannot establish prejudice on such a claim.

- 2 -

issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived her rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004).

A.    Scope of the Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when she entered her plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **12.    Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence. She is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, she knowingly waives any right to appeal a sentence imposed that is within the guideline range determined appropriate by the court. She also waives any right to challenge her conviction and/or sentence or otherwise attempt to modify or change her sentence or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, she waives the right to appeal the conviction in this case and waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by

Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 12.  The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's conviction or sentence. In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187.  In this case, defendant's second, third and fourth claims do not challenge the validity of the plea or waiver.  Accordingly, such claims fall within the scope of the waiver in the plea agreement.  See id.

B.    Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived her rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy.  Hahn, 359 F.3d at 1325.  The Court conducted a thorough inquiry at the plea hearing.  At that time defendant affirmed that she understood the charge against her, the maximum penalties, the rights she was waiving and the factual basis for her plea.  Defendant acknowledged that her plea was free and voluntary, that no one had forced or threatened her to enter it, and that the only reason she was entering a plea of guilty was that she was in fact guilty as charged.  Nothing in the record suggests that defendant's plea, or her waiver of post-conviction rights, was unknowing or involuntary.  The plea petition reflects that defendant had sufficient time to discuss the matter with her attorney, that she was satisfied with her attorney's representation, and that she had read and understood the plea agreement.  Finally, defendant did not seek to withdraw her plea after new counsel replaced Mr.

D'Arcy.  In sum, the language of the plea agreement, the plea petition and the Rule 11 colloquy established that defendant's waiver of her rights was knowing and voluntary.

      C.      <u>Miscarriage Of Justice</u>

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice."  <u>Hahn</u>, 359 F.3d at 1327.  This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings.  <u>Id.</u>  Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.  <u>Anderson</u>, 374 F.3d at 959.  Here, defendant does not contend that enforcing the waiver would result in a miscarriage of justice.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above.  In particular, defendant received a sentence of 63 months in prison which is significantly less than the statutory minimum of 10 years to a maximum term of life.  <u>See</u> <u>United States v. Green</u>, 405 F.3d 1180, 1193-94 (10th Cir. 2005); <u>United States v. Porter</u>, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under <u>Hahn</u> inquiry refers to statute of conviction), <u>cert. denied</u>, 126 S. Ct. 550 (2005).  Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings.  <u>See</u> <u>United States v. Maldonado</u>, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), <u>cert. denied</u>, 546 U.S. 989 (2005).  The Court finds that enforcing the waiver will not result in a miscarriage of justice.  In sum, defendant's second, third and fourth claims are barred by the waiver of collateral

challenges in the plea agreement.

## II.        Procedural Bar – Failure To Appeal (Claims 3 and 4)

Defendant asserts prosecutorial misconduct (Claim 3) and sentencing errors (Claim 4). Such claims are barred because she failed to raise them on direct appeal. Section 2255 is not available to test the legality of matters which should have been raised on appeal. United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (citing United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992)). Defendant is precluded from raising in a Section 2255 petition issues which were not raised on direct appeal unless she can show cause for her procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if her claim is not addressed. Allen, 16 F.3d at 378. Defendant has not satisfied any of these exceptions.

Defendant does not allege cause for her procedural default. Defendant also has not demonstrated "prejudice," i.e. that the alleged errors worked to her actual and substantial disadvantage, infecting her entire sentence with error of constitutional dimensions. United States v. Frady, 456 U.S. 152, 170 (1982). Finally, defendant has not satisfied the exception for a "fundamental miscarriage of justice." The Supreme Court has held that this exception applies only if one is actually innocent. See Bousley v. United States, 523 U.S. 614, 623 (1998). Initially, the Court doubts that the actual innocence exception can be applied to noncapital sentences. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993); see also United States v. Glover, 156 F.3d 1244, 1998 WL 476779, at *2 (10th Cir. Aug. 11, 1998) (claim that defendant in noncapital case should have received lesser sentence does not constitute claim that he is actually innocent or did not commit crime). But cf. Selsor v. Kaiser, 22 F.3d 1029, 1036 (10th Cir. 1994) (actual innocence exception might apply where petitioner shows actual innocence of sentencing element that was not

required for proof of underlying conviction).  In any event, defendant has not shown that she is actually innocent of the charge against her or the elements which form the basis of the firearm enhancement.  Therefore, she cannot establish that failure to review her claim would result in a fundamental miscarriage of justice.

Based on this additional procedural bar, defendant's third and fourth claims are overruled.[2]

## III.    Substantive Merit Of Defendant's Ineffective Assistance Claims

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.  In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." Walling, 982 F.2d at 449.  The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989).  As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

---

[2]        Moreover, contrary to defendant's argument, the Court did consider a need to avoid unwarranted sentencing disparities and the fact that defendant was a first time offender with a young child.

A.    Ineffective Assistance - Review Of Plea Petition And Instruction To Defendant To
Tell Judge That She Understood Plea Agreement (Claim 1)

In defendant's only claim which is not procedurally barred, she alleges that Mr. D'Arcy was ineffective because he only briefly met with her about the plea agreement and told her to tell the judge that she understood the agreement.  The brevity of consultation time between defendant and counsel alone does not establish deficient performance.  See Jones v. Conway, 442 F. Supp.2d 113, 126 (S.D.N.Y. 2006) (number of meetings); Raposo v. United States, No. 01 Civ. 5870, 2004 WL 1043075, at *3 (S.D.N.Y. May 7, 2004); United States ex rel. Kleba v. McGinnis, 796 F.2d 947, 954 (7th Cir. 1986) (number of meetings); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984); Chavez v. Pulley, 623 F. Supp. 672, 685 (C.D. Cal. 1985).  In addition, absent some allegation or evidence that defendant expressed to counsel some misunderstanding of the plea agreement, the fact that counsel advised defendant to tell the judge that she understood the agreement does not establish deficient performance.  See Granillo-Lopez v. United States, No. 04-10072-01-WEB, 2006 WL 1642669, at *3 (D. Kan. June 7, 2006).  At a hearing after defendant's guilty plea, defendant acknowledged that when counsel told her to tell the judge that she understood the plea agreement, she thought that she did understand it.  See Hearing Transcript at 5 ("I guess I thought I did [understand]."), attached to defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #254).  Moreover, the plea petition and the Rule 11 colloquy establish that defendant's plea was knowing and voluntary and that she had adequate time to consult with counsel about the plea agreement.

Even if defense counsel did not adequately review the plea agreement with defendant and told her to tell the judge that she understood the agreement, she has not shown a reasonable probability that but for her alleged misunderstanding of the plea agreement, the results of the

- 8 -

proceeding would have been different, i.e. that she would not have agreed to plead guilty. See Rantz, 862 F.2d at 810-11. To the extent defendant argues that she would have received a better plea agreement and possibly consideration under Section 5K1.1 of the Sentencing Guidelines or Rule 35, Fed. R. Crim. P., her claim is entirely speculative and refuted by her actual sentence. In addition, an allegation that effective counsel would have resulted in a better plea agreement is insufficient to establish prejudice because defendant must show that she would not have agreed to plead guilty. See Bethel v. United States, 458 F.3d 711, 720 (7th Cir. 2006), cert. denied, 127 S. Ct. 1027 (2007); Rantz, 862 F.2d at 810-11. In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346.

B.   **Ineffective Assistance - Inability To Communicate With Defendant And Lack Of Confidence In Defendant (Claim 2)**

Defendant alleges that Mr. D'Arcy was ineffective because he was unable to adequately communicate with defendant and he lacked confidence in her and as a result, he was unable to negotiate a fair plea agreement. Defendant has not specified how Mr. D'Arcy's ability to communicate with her and his confidence in her fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-88; see also Cummings v. Sirmons, 506 F.3d 1211, 1228 (10th Cir. 2007) (general allegation that counsel could have achieved better plea offer insufficient to show deficient performance). Even if counsel's performance was somehow deficient in this regard, as explained above, defendant has not shown prejudice because she has not shown that she would not have agreed to plead guilty. See Bethel, 458 F.3d at 720; Rantz, 862 F.2d at 810-11. In any event, defendant has not shown how counsel could have negotiated a better plea agreement. See Cummings, 506 F.3d at 1228 (general allegation that counsel could have reached better deal insufficient to show prejudice). As explained above, defendant's assertion that she could have

- 9 -

received a better plea agreement is entirely speculative and refuted in large part by her actual sentence.  Defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice."  <u>Davis</u>, 417 U.S. at 346.

**IV.    Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no response by the government or evidentiary hearing is required.  <u>See</u> <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody</u> (Doc. #254) filed December 14, 2007 be and hereby is **OVERRULED**.

Dated this 22nd day of April, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
